

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LEONARD GETLER,

                Plaintiff,

    - against -

CORNELL WEILL UNIVERSITY MEDICAL
COLLEGE DEPT. OF SURGERY,

                Defendant.
-------------------------------------------------------x

05 Civ. 8550 (CLB)

*Memorandum and Order*

Brieant, J.

    Before this Court for consideration is the Report and Recommendation of the Hon. Mark D. Fox, United States Magistrate Judge, docketed December 6, 2005, which is adopted as the decision of the Court.

    Beginning in the year 2000, after many years of favorable annual performance valuations issued to plaintiff Mr. Getler in his capacity as a Billing Administrator in the Department of Surgery at defendant Hospital, the employer began to impose more specific and more rigorous job performance standards and goals. Plaintiff was age 53 at the time. In 2005, his evaluation was generally positive but the established productivity goal was not reached. Two physicians having no supervisory function with respect to the billing department, complained to Plaintiff's supervisors about his performance. Ratings for 2002 were negative. On March 19, 2003, Plaintiff's supervisors counseled with him about his performance, and established specific directions for accomplishing management goals. It is not disputed that the specific goals established at that meeting were not met, resulting in a written warning in May 2003.

Copies mailed / handed / faxed to counsel 01/03/07

Continued complaints from Doctors served by the Billing Department, based at least in substantial part on objectives failures in dealing with the departmental paper shuffle by Plaintiff ensued, as detailed in the Report and Recommendation of the Honorable Magistrate Judge. Plaintiff essentially denied management criticisms and failed or refused to change his work methods. After a continuing deadlock and following less favorable evaluations, Plaintiff was terminated allegedly for poor performance and insubordination for "unwillingness even to try to follow our directions."

On the entire record developed before the Magistrate Judge, a reasonable juror could not find pretext, or that age discrimination was the real reason. The statute does not prevent an employer from establishing unrealistic job performance standards, if indeed they were, nor does it prevent micro-management, if indeed it was. Plaintiff's Objections, captioned as "Rebuttal" have been considered. They do not detract from the conclusions of the Magistrate Judge. Summary Judgment is granted dismissing the Complaint. The Clerk shall file a final judgment.

SO ORDERED.

Dated: White Plains, New York
       January 3, 2007

_Charles Brieant_
Charles L. Brieant, U.S.D.J.